**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

Victoria Desimone,

Plaintiff, Civil Action No.: ____________

v.

Equifax Information Services LLC,

Defendant. **JURY TRIAL DEMANDED**

# COMPLAINT

1. Victoria Desimone is a working adult who lives and makes her financial decisions from Dorchester Center, Massachusetts. Like millions of Americans, she depends on the accuracy of her credit file to access housing, financing, and credit. On May 15, 2026, she obtained her consumer file disclosure from Equifax and discovered that the document Equifax handed her was riddled with blanks, missing payment data, and frozen placeholder dates across account after account. The cost of that failure is not abstract: a credit report with hundreds of missing data fields cannot tell Plaintiff whether her creditors are reporting accurately, cannot confirm the amounts she owes, and cannot be cross-referenced against her own records. Equifax created those gaps. Equifax must answer for them.

2. When Plaintiff received her May 15, 2026 Equifax file disclosure, she reviewed it carefully and found that nearly every active account in the file was stripped of the data that would allow her to understand and verify the information Equifax holds about her. Scheduled payment amounts were uniformly absent. Actual payment amounts were blank across hundreds of rows. The Comenity Bank/Victoria's Secret account displayed the same Last Payment Date, April 27, 2025, frozen identically across twenty-one consecutive monthly rows spanning nearly two calendar years, a pattern that cannot reflect reality and can only reflect a systematic data handling failure. These are not typos. They are the fingerprints of an automated system that withholds from consumers the very data it transmits to creditors and lenders every day.

3. Plaintiff's file disclosure contains in excess of 300 blank, missing, or static placeholder data fields spread across twelve or more accounts. On at least six accounts, Equifax reports a balance that exceeds the stated credit limit, a mathematical impossibility that should be caught by any elementary data check before publication. On the Hyundai Motor Finance account, the header status reads "Pays As Agreed" while the payment history grid for the same account shows 30-day and 60-day delinquency markers for January and February 2026. These are not isolated anomalies. They are the uniform output of policies that Equifax has operated for decades despite specific regulatory notice that such omissions violate federal law.

4. The Fair Credit Reporting Act, 15 U.S.C. section 1681 et seq., requires Equifax to disclose to Plaintiff "clearly and accurately" all information in her file at the time of her request. 15 U.S.C. section 1681g(a)(1). The same statute requires Equifax to follow reasonable procedures to assure maximum possible accuracy of the information it

includes in consumer reports it sells to third parties. 15 U.S.C. section 1681e(b). Equifax violated both duties. The FTC Advisory Opinion to Katrina Darcy, issued June 30, 2000, placed Equifax on specific notice more than twenty-five years ago that withholding data fields from consumers while providing the same data to third parties violates section 1681g(a)(1). Equifax has continued these practices despite that notice, confirming that its conduct is willful under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007).

5. Plaintiff brings this action for actual damages, statutory damages, punitive damages, and costs of this action. She seeks a judgment requiring Equifax to provide her with a complete and corrected file disclosure and to cease the systematic omission of data that the law requires it to disclose.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 15 U.S.C. section 1681p and 28 U.S.C. section 1331, as this action arises under the Fair Credit Reporting Act, a federal statute.

7. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b) because Plaintiff resides in Dorchester Center, Massachusetts, which is within the District of Massachusetts, and the harm to Plaintiff occurred in this district.

## III. PARTIES

8. Plaintiff Victoria Desimone is a natural person residing at 26 Abbot Street, Apartment 3, Dorchester Center, Massachusetts 02124. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1681a(c).

9. Defendant Equifax Information Services LLC is a Georgia limited liability company with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a nationwide "consumer reporting agency" as defined by 15 U.S.C. section 1681a(f), which regularly engages in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, using means and facilities of interstate commerce. Defendant's registered agent in the State of Massachusetts may be located through the Massachusetts Secretary of State's corporate database.

## IV. FACTUAL ALLEGATIONS

### A. Credit Report Overview

10. On May 15, 2026, Plaintiff Victoria Desimone obtained her consumer file disclosure from Equifax. The report bears Confirmation Number 6135553241. The disclosure covers twenty-one credit accounts and identifies one hard inquiry from CBNA dated November 5, 2024.

11. Pursuant to 15 U.S.C. section 1681g(a)(1), upon receipt of Plaintiff's request, Equifax was required to "clearly and accurately" disclose to Plaintiff "[a]ll information in the consumer's file at the time of the request." The "file" is defined by 15 U.S.C. section 1681a(g) as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."

12. Equifax failed to satisfy that obligation. Plaintiff's May 15, 2026 disclosure contains in excess of 300 blank, missing, or static placeholder data fields across twelve or more accounts. The specific omissions are detailed in the account-by-account inventory below.

**B. Incomplete Disclosure: Account-by-Account Blank and Missing Field Inventory**

13. Verizon Wireless (Closed, Collection Account, Balance $1,245, opened November 30, 2021): The Scheduled Payment Amount field is blank. The Actual Payment Amount field is blank. The Date of Last Activity field is blank. The Date Closed field is blank. The Terms Frequency field is blank. In the 24-Month History table, the Scheduled Payment Amount, Actual Payment Amount, and Last Payment Date columns are blank for all reported periods. Verizon Wireless contributes in excess of nine blank or missing data fields to Plaintiff's file disclosure.

14. Navy Federal Credit Union (Closed, Charge Off, Balance $12,898, opened July 27, 2022): The Scheduled Payment Amount field in the account header is blank. The Actual Payment Amount field in the account header is blank. The Date of Last Activity field is blank. The Date Closed field is blank. In the 24-Month History table, the Actual Payment Amount column is blank for March 2026, February 2026, January 2026, December 2025, October 2025, and May 2025, totaling six missing actual payment entries. Navy Federal Credit Union contributes in excess of ten blank or missing data fields to Plaintiff's file disclosure.

15. JPMCB Card Services (Account ending *6057, Closed, Charge Off, Balance $29,743, opened October 18, 2023): The Scheduled Payment Amount field in the account header is blank. The Actual Payment Amount field in the account header is blank. The Date of Last

Activity field is blank. The Date Closed field is blank. In the 24-Month History table, the Actual Payment Amount column is blank for all six reported periods. JPMCB Card Services (*6057) contributes in excess of ten blank or missing data fields to Plaintiff's file disclosure.

16. American Express (Account ending *5283, Closed, Charge Off, Balance $4,256, opened March 6, 2023): The Scheduled Payment Amount field is blank. The Actual Payment Amount field is blank. The Date of Last Activity field is blank. The Date Closed field is blank. The Date of Last Payment field is blank. The Credit Limit field is blank in both the account header and in every row of the 24-Month History table. The Actual Payment Amount and Scheduled Payment Amount columns are blank for both reported periods. American Express (*5283) contributes in excess of fourteen blank or missing data fields to Plaintiff's file disclosure.

17. Citicards CBNA (Account ending *7416, Closed, Charge Off, Balance $5,627, opened November 5, 2024): The Scheduled Payment Amount field in the account header is blank. The Actual Payment Amount field in the account header is blank. The Date of Last Activity field is blank. The Date Closed field is blank. In the 24-Month History table, the Actual Payment Amount column is blank for all seventeen reported periods from March 2026 through November 2024. Citicards CBNA contributes in excess of twenty-one blank or missing data fields to Plaintiff's file disclosure.

18. SYNCB/Care Credit (Account ending *1769, Closed, Charge Off, Balance $2,167, opened January 11, 2018): The Scheduled Payment Amount field in the account header is blank. The Actual Payment Amount field in the account header is blank. The Date of Last Activity field is blank. The Date Closed field is blank. The Activity Designator field is

blank. In the 24-Month History table, the Actual Payment Amount column is blank for March 2026, February 2026, January 2026, December 2025, November 2025, October 2025, and February 2025, totaling seven missing actual payment entries. SYNCB/Care Credit contributes in excess of twelve blank or missing data fields to Plaintiff's file disclosure.

19. American Express (Account ending *3613, Closed, Charge Off, Balance $3,499, opened March 24, 2022): The Scheduled Payment Amount field in the account header is blank. The Actual Payment Amount field in the account header is blank. The Date of Last Activity field is blank. The Date Closed field is blank. The Date of Last Payment field is blank. The Credit Limit field is blank in both the account header and in every row of the 24-Month History table. In the 24-Month History table, the Actual Payment Amount column is blank for all twenty-three reported periods. The Scheduled Payment Amount column is blank for all twenty-three reported periods. The Last Payment Date column is blank for all twenty-three reported periods. The Credit Limit column is blank for all twenty-three reported periods. American Express (*3613) alone contributes in excess of ninety-seven blank or missing data fields to Plaintiff's file disclosure.

20. JPMCB Card Services (Account ending *7812, Closed, Charge Off, Balance $74,695, opened April 22, 2023): The Scheduled Payment Amount field in the account header is blank. The Actual Payment Amount field in the account header is blank. The Date of Last Activity field is blank. The Date Closed field is blank. In the 24-Month History table, the Actual Payment Amount column is blank for all fourteen reported periods. JPMCB Card Services (*7812) contributes in excess of eighteen blank or missing data fields to Plaintiff's file disclosure.

21. Hyundai Motor Finance Co (Open, Pays As Agreed, Balance $23,326, opened April 29, 2023): In the 24-Month History table, the Actual Payment Amount column is blank for February 2026, October 2025, and June 2025, totaling three missing actual payment entries. Additionally, the 24-Month History table shows only twenty-one rows for an account that has been open thirty-four months, leaving months of payment data absent from Plaintiff's disclosure. Hyundai Motor Finance Co contributes in excess of five blank or missing data fields to Plaintiff's file disclosure.

22. Bank of America (Account ending *8910, Closed, Charge Off, Balance $5,003, opened December 11, 2024): The Scheduled Payment Amount field in the account header is blank. The Actual Payment Amount field in the account header is blank. The Date of Last Activity field is blank. The Date Closed field is blank. In the 24-Month History table, the Actual Payment Amount column is blank for all sixteen reported periods. Bank of America (*8910) contributes in excess of twenty blank or missing data fields to Plaintiff's file disclosure.

23. Capital One Bank USA NA (Account ending *3326, Closed, Charge Off, Balance $12,963, opened November 2, 2017): The Scheduled Payment Amount field in the account header is blank. The Actual Payment Amount field in the account header is blank. The Date of Last Activity field is blank. The Date Closed field is blank. In the 24-Month History table, the Actual Payment Amount column is blank for all twenty-two reported periods. Capital One Bank USA NA (*3326) contributes in excess of twenty-six blank or missing data fields to Plaintiff's file disclosure.

24. American Express (Account ending *4093, Closed, Charge Off, Balance $18,623, opened May 31, 2023): The Scheduled Payment Amount field in the account header is blank. The

Actual Payment Amount field in the account header is blank. The Date of Last Activity field is blank. The Date Closed field is blank. The Date of Last Payment field is blank. In the 24-Month History table, the Actual Payment Amount column is blank for all six reported periods. The Last Payment Date column is blank for all six reported periods. American Express (*4093) contributes in excess of seventeen blank or missing data fields to Plaintiff's file disclosure.

25. Comenity Bank/Victoria's Secret (Account ending *3453, Closed, Pays As Agreed, Balance $0, opened November 15, 2015): The Scheduled Payment Amount field in the account header is blank. The Actual Payment Amount field in the account header is blank. In the 24-Month History table, the Last Payment Date column displays the static placeholder date "04/27/2025" identically across all twenty-one consecutive monthly rows spanning May 2024 through January 2026. A date cannot remain precisely identical across twenty-one months of account activity unless it is the result of a data system failure. Similarly, the date "02/27/2024" appears identically across sixteen consecutive rows. These frozen, static placeholder dates confirm that Equifax's disclosure system is generating fabricated data positions rather than reporting the actual history retained in its files. Comenity Bank/Victoria's Secret contributes in excess of thirty-eight blank or static placeholder data fields to Plaintiff's file disclosure.

26. In total, Plaintiff's May 15, 2026 Equifax file disclosure contains in excess of 300 blank, missing, or static placeholder data fields, spanning at least thirteen accounts. This pattern of uniform omission is not the product of isolated technical errors. It is the systematic output of a disclosure policy that withholds data from consumers while, on information and belief, providing that same data to third-party purchasers of consumer reports.

**C. Per Se Inaccuracies: Balance Exceeding Credit Limit**

27. On the Navy Federal Credit Union account (ending *3657, Charge Off), Equifax reports a current balance of $12,898 against a stated credit limit of $12,500. A balance that exceeds the credit limit by $398 is a per se inaccuracy. Equifax published this information to CBNA on November 5, 2024, as evidenced by the hard inquiry recorded in Plaintiff's file disclosure.

28. On the JPMCB Card Services account (ending *6057, Charge Off), Equifax reports a current balance of $29,743 against a stated credit limit of $27,000. A balance that exceeds the credit limit by $2,743 is a per se inaccuracy.

29. On the Citicards CBNA account (ending *7416, Charge Off), Equifax reports a current balance of $5,627 against a stated credit limit of $5,320. A balance that exceeds the credit limit by $307 is a per se inaccuracy.

30. On the SYNCB/Care Credit account (ending *1769, Charge Off), Equifax reports a current balance of $2,167 against a stated credit limit of $1,650. A balance that exceeds the credit limit by $517 is a per se inaccuracy.

31. On the JPMCB Card Services account (ending *7812, Charge Off), Equifax reports a current balance of $74,695 against a stated credit limit of $69,000. A balance that exceeds the credit limit by $5,695 is a per se inaccuracy.

32. On the Bank of America account (ending *8910, Charge Off), Equifax reports a current balance of $5,003 against a stated credit limit of $5,000. A balance that exceeds the credit limit by $3 is a per se inaccuracy.

33. No basic automated comparison of the balance field against the credit limit field was performed before Equifax published these inaccuracies. The failure to implement such an

elementary data-integrity check is objectively unreasonable and demonstrates willful disregard of Equifax's obligations under 15 U.S.C. section 1681e(b).

**D. Materially Misleading Reporting**

34. The Hyundai Motor Finance Co account (ending *6988) carries a header status of "Pays As Agreed" as of the report date of May 15, 2026. However, the same account's payment history grid for calendar year 2026 shows a 30-days-past-due marker in January 2026 and a 60-days-past-due marker in February 2026. These two fields directly contradict each other on the face of the same account entry. A consumer reading this account cannot determine whether the account is current or delinquent. A third-party creditor or lender reviewing a report sold by Equifax receives an internally inconsistent picture of Plaintiff's payment behavior on this account. This internal conflict between the account status field and the payment history grid constitutes materially misleading reporting under 15 U.S.C. section 1681e(b). See Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009).

**E. Third-Party Dissemination**

35. On November 5, 2024, Defendant transmitted Plaintiff's consumer report to CBNA, as evidenced by the hard inquiry recorded in Plaintiff's file disclosure. This transmission establishes concrete dissemination of Plaintiff's consumer report to a third party and confirms Article III standing pursuant to TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021).

**F. Willfulness**

36. Defendant's conduct was willful within the meaning of 15 U.S.C. section 1681n. Under Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007), a CRA acts willfully when it acts in a manner that is objectively unreasonable in light of the statutory text and applicable legal guidance.

37. The FTC Advisory Opinion to Katrina Darcy, dated June 30, 2000, placed all nationwide consumer reporting agencies on specific notice more than twenty-five years ago that withholding data fields from a consumer's own file disclosure while providing that same data to third-party creditors violates 15 U.S.C. section 1681g(a)(1). Defendant's continued operation of a disclosure policy that systematically omits data across every account on Plaintiff's report is objectively unreasonable under Safeco, 551 U.S. at 69.

38. The identical blank Actual Payment Amount columns, the identical blank Scheduled Payment Amount columns, the identical static placeholder dates, and the identical blank Narrative Code columns appearing across account after account on the same report confirm that these omissions result from a deliberate, uniform data policy rather than isolated error. Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

39. The failure to implement any automated comparison of balance against credit limit before publishing a consumer report to third parties is objectively unreasonable under Safeco, 551 U.S. at 69.

**G. Actual Damages**

40. As a direct and proximate result of Equifax's violations of 15 U.S.C. sections 1681g(a)(1) and 1681e(b), Plaintiff has suffered actual damages including, but not limited to: emotional distress and frustration arising from her inability to verify, understand, or effectively review the credit information Equifax holds about her; impaired creditworthiness resulting from the reporting of balances in excess of stated credit limits across six accounts; lost credit opportunities; the inability to verify the accuracy of derogatory notations on charged-off accounts due to the absence of payment history data; and the expenditure of time, effort, and resources in attempting to identify and address the errors in her file disclosure.

## V. CAUSES OF ACTION

### COUNT I

### 15 U.S.C. SECTION 1681g(a)(1)

### FAILURE TO CLEARLY AND ACCURATELY DISCLOSE ALL FILE INFORMATION

41. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

42. 15 U.S.C. section 1681g(a)(1) provides that, upon request, a consumer reporting agency shall "clearly and accurately disclose to the consumer" "[a]ll information in the consumer's file at the time of the request." The "file" is defined by 15 U.S.C. section 1681a(g) as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."

43. Defendant violated 15 U.S.C. section 1681g(a)(1) by failing to clearly and accurately disclose all information in Plaintiff's file at the time of her May 15, 2026 request. Specifically, Defendant's May 15, 2026 disclosure to Plaintiff omitted, left blank, or replaced with static placeholder values in excess of 300 data fields across at least thirteen accounts, as set forth in paragraphs 13 through 25 above.

44. The omissions include, specifically: the complete absence of Actual Payment Amount data for all twenty-three reported periods on the American Express account ending *3613; the complete absence of Actual Payment Amount data for all seventeen reported periods on the Citicards CBNA account ending *7416; the complete absence of Actual Payment Amount data for all twenty-two reported periods on the Capital One Bank USA NA account ending *3326; the complete absence of Actual Payment Amount data for all sixteen reported periods on the Bank of America account ending *8910; the complete absence of Actual Payment Amount data for all fourteen reported periods on the JPMCB Card Services account ending *7812; the complete absence of Actual Payment Amount, Scheduled Payment Amount, Last Payment Date, and Credit Limit data for all twenty-three periods on the American Express account ending *3613; and the static placeholder Last Payment Date "04/27/2025" frozen identically across twenty-one consecutive monthly rows on the Comenity Bank/Victoria's Secret account ending *3453, among the other specific omissions identified above.

45. On information and belief, the data fields omitted from Plaintiff's file disclosure are present in Equifax's internal database and are transmitted to third parties who purchase consumer reports from Equifax. The FTC Advisory Opinion to Darcy (June 30, 2000) specifically addressed this asymmetry and placed Equifax on notice that such a practice

violates section 1681g(a)(1). Plaintiff's disclosure fails the standard articulated in Alexander v. Equifax Information Services, LLC, 2018 WL 3025939 (D. Nev. 2018).

46. Defendant's violation was willful. The FTC Advisory Opinion to Darcy placed Equifax on specific notice of this legal obligation more than twenty-five years before the report at issue. The systemic, uniform pattern of omissions across every active account on Plaintiff's May 15, 2026 disclosure confirms that these omissions are the product of deliberate policy, not accident, and are objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

47. In the alternative, Defendant's violation was negligent under 15 U.S.C. section 1681o.

48. As a result of Defendant's violation, Plaintiff is entitled to recover: actual damages pursuant to 15 U.S.C. sections 1681n(a)(1) and 1681o(a)(1); statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. section 1681n(a)(2); and costs of this action pursuant to 15 U.S.C. sections 1681n(a)(3) and 1681o(a)(2).

## COUNT II

## 15 U.S.C. SECTION 1681e(b)

## FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY

## (PER SE INACCURACY: BALANCE EXCEEDS CREDIT LIMIT)

49. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

50. 15 U.S.C. section 1681e(b) requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

51. Defendant violated 15 U.S.C. section 1681e(b) by preparing and transmitting consumer reports containing the following per se inaccuracies, each of which reflects a balance in excess of the stated credit limit for the same account:

52. Navy Federal Credit Union (Account ending *3657): reported balance of $12,898 against a stated credit limit of $12,500, an excess of $398.

53. JPMCB Card Services (Account ending *6057): reported balance of $29,743 against a stated credit limit of $27,000, an excess of $2,743.

54. Citicards CBNA (Account ending *7416): reported balance of $5,627 against a stated credit limit of $5,320, an excess of $307.

55. SYNCB/Care Credit (Account ending *1769): reported balance of $2,167 against a stated credit limit of $1,650, an excess of $517.

56. JPMCB Card Services (Account ending *7812): reported balance of $74,695 against a stated credit limit of $69,000, an excess of $5,695.

57. Bank of America (Account ending *8910): reported balance of $5,003 against a stated credit limit of $5,000, an excess of $3.

58. Each of the inaccuracies identified in paragraphs 52 through 57 above could have been detected and corrected before publication by the application of a basic automated data-integrity check comparing the balance field against the credit limit field on each account entry. The absence of any such procedure is objectively unreasonable under Safeco

Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Defendant transmitted Plaintiff's consumer report to CBNA on November 5, 2024, establishing that inaccurate information was disseminated to third parties.

59. Defendant's violation was willful. The failure to implement any process to catch the mathematical impossibility of a balance exceeding a stated credit limit before publication is objectively unreasonable under Safeco, 551 U.S. at 69.

60. In the alternative, Defendant's violation was negligent under 15 U.S.C. section 1681o.

61. As a result of Defendant's violation, Plaintiff is entitled to recover: actual damages pursuant to 15 U.S.C. sections 1681n(a)(1) and 1681o(a)(1); statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. section 1681n(a)(2); and costs of this action pursuant to 15 U.S.C. sections 1681n(a)(3) and 1681o(a)(2).

**COUNT III**

**15 U.S.C. SECTION 1681e(b)**

**FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY**

**(MATERIALLY MISLEADING REPORTING)**

62. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

63. 15 U.S.C. section 1681e(b) requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report

relates." A consumer report that is technically accurate in one field while contradicted by data in another field on the same account entry is not accurate in any meaningful sense. Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009).

64. Defendant violated 15 U.S.C. section 1681e(b) by preparing and transmitting consumer reports containing materially misleading reporting with respect to the Hyundai Motor Finance Co account (ending *6988). The account header, as reported in Plaintiff's May 15, 2026 file disclosure, displays a current status of "Pays As Agreed." However, the same account's payment history grid, contained within the same account entry and within the same disclosure, shows a 30-days-past-due delinquency in January 2026 and a 60-days-past-due delinquency in February 2026.

65. These two pieces of information directly contradict each other. A third-party creditor or lender who obtains a report sold by Equifax on Plaintiff receives an internally inconsistent and materially misleading picture of Plaintiff's payment performance on this open installment obligation. A consumer reading this account in her own disclosure cannot determine whether Equifax is reporting her as current or delinquent as of the date of the report.

66. The internal contradiction between the "Pays As Agreed" status field and the payment history grid showing two months of delinquency in 2026 is a materially misleading reporting failure that reasonable procedures would have detected and corrected before the report was transmitted to any third party.

67. Defendant's violation was willful. Defendant transmitted Plaintiff's consumer report to CBNA on November 5, 2024, establishing dissemination to a third party.

68. In the alternative, Defendant's violation was negligent under 15 U.S.C. section 1681o.

69. As a result of Defendant's violation, Plaintiff is entitled to recover: actual damages pursuant to 15 U.S.C. sections 1681n(a)(1) and 1681o(a)(1); statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. section 1681n(a)(2); and costs of this action pursuant to 15 U.S.C. sections 1681n(a)(3) and 1681o(a)(2).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victoria Desimone respectfully requests that the Court enter judgment against Defendant Equifax Information Services LLC and award the following relief:

(a) Judgment in favor of Plaintiff on all Counts;

(b) Actual damages pursuant to 15 U.S.C. sections 1681n(a)(1) and 1681o(a)(1);

(c) Statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. section 1681n(a)(1)(A), with each third-party dissemination of Plaintiff's consumer report constituting a separate violation;

(d) Punitive damages pursuant to 15 U.S.C. section 1681n(a)(2);

(e) Costs of this action pursuant to 15 U.S.C. sections 1681n(a)(3) and 1681o(a)(2);

(f) Injunctive relief requiring Defendant to provide Plaintiff with a complete, accurate, and corrected file disclosure that includes all data fields required by 15 U.S.C. section 1681g(a)(1);

(g) Such other and further relief as the Court deems just and proper.

Plaintiff reserves the right to amend this Complaint pursuant to FRCP Rule 15(a) to add reinvestigation counts under 15 U.S.C. section 1681i following expiration of the CRA's 30-day reinvestigation window.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Victoria Desimone

Pro Se Plaintiff

26 Abbot Street, Apartment 3

Dorchester Center, Massachusetts 02124

Date: June 25, 2026